LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway Ste B
Hauppauge, New York 11788
Tel. (631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LILIAN PALOMINO ROJAS, on behalf of herself and
all other similarly situated persons,

                           Plaintiff,                                 **COMPLAINT**

   -against-

CLEAR VIEW BUILDING SERVICES, INC.,
JOHN ELARDE and ERIC ELARDE,

                           Defendants.
------------------------------------------------------------------X

      Plaintiff, LILIAN PALOMINO ROJAS, by and through her attorneys, the Law Office of Peter A. Romero PLLC, on behalf of herself and all others similarly situated, allege as follows:

### INTRODUCTION

      1.     The Defendants, CLEAR VIEW BUILDING SERVICES, INC., JOHN ELARDE and ERIC ELARDE (collectively "Defendants"), attempted to circumvent their obligation to pay overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and New York State Labor, § 650 et seq. and 12 NYCRR § 142-2.2, by issuing Plaintiff and similarly situated persons multiple paychecks for hours worked in a single pay period.

### NATURE OF THE ACTION

      2.     Plaintiff brings this action, on behalf of herself and other employees similarly situated, against Defendants to remedy violations of the FLSA. Plaintiff seeks to recover unpaid

1

overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

3. Plaintiff also brings this action on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

5. Jurisdiction of the Court over Plaintiff's New York Labor Law claims is invoked under 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

7. Defendants do business within the Eastern District of New York and maintain a place of business at 2150 Joshua's Path, Hauppauge, New York 11788.

## THE PARTIES

7. The Plaintiff is a resident of the County of Suffolk, State of New York.

8. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

9. Defendant, CLEAR VIEW BUILDING SERVICES, INC. ("CLEAR VIEW"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10. At all times relevant, Defendant, CLEAR VIEW, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. At all relevant times, Defendant, CLEAR VIEW, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in cleaning and maintaining commercial business and used goods, equipment and other materials, such as janitorial tools and supplies, much of which originated in states other than New York.

12. Defendant, JOHN ELARDE, is the President or Chief Executive Officer of CLEAR VIEW.

13. Defendant, JOHN ELARDE, is a shareholder of the defendant CLEAR VIEW.

14. Defendant, JOHN ELARDE, has authority to make payroll and personnel decisions for the defendant CLEAR VIEW.

15. Defendant, JOHN ELARDE, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

16. Defendant, JOHN ELARDE, as a result of his position as manager and/or owner of the corporate defendant, is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

17. Defendant, ERIC ELARDE, is the President or Chief Executive Officer of CLEAR VIEW.

18. Defendant, ERIC ELARDE, is a shareholder of the defendant CLEAR VIEW.

19. Defendant, ERIC ELARDE, has authority to make payroll and personnel decisions for the defendant CLEAR VIEW.

20. Defendant, ERIC ELARDE, is active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

21. Defendant, ERIC ELARDE, as a result of his position as manager and/or owner of the corporate defendant, is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTS

22. Defendants are engaged in the building maintenance industry.

23. Plaintiff performed manual laborer for Defendants cleaning commercial buildings.

24. Plaintiff regularly worked more than 40 hours each week but was not paid overtime at the rate of one and one-half times her regular hourly rate of pay for hours worked after 40 hours per week.

25. To circumvent their obligation to pay employees overtime for hours worked after 40 hours in a single workweek, Defendants issued employees multiple paychecks for a single pay period compensating them at their regular hourly rate for all hours worked.

26. For example, during the period December 3, 2018 to December 9, 2018, Plaintiff worked 51.25 hours, exclusive of travel time. Defendants issued 3 separate paychecks to Plaintiff for this pay period: Check Number 3536, dated December 14, 2018, compensating Plaintiff for 16.25 hours worked at her regular hourly rate of $11.00; Check Number 3537, dated December 14, 2018, compensating Plaintiff for 15 hours worked at her regular hourly rate of $11.00; and

Check Number 3538, dated December 14, 2018, compensating Plaintiff for 20 hours worked at her regular hourly rate of $11.00.

27. Defendants failed to pay Plaintiff and the FLSA Collective at the required overtime rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

28. Defendants failure to pay Plaintiff and the FLSA Collective at the required overtime rate was willful.

29. Plaintiff was required to travel from building to building during her workday as part of her principal activities. Defendants failed to pay Plaintiff for time spent by her in travel during her workday.

30. The interval between the start and end of Plaintiff's work day, including travel time, regularly exceeded 10 hours, but Defendants failed to pay Plaintiff spread-of-hours pay.

31. Defendants failed to provide Plaintiff with a notice and acknowledgement of her wage rate upon Plaintiff's hire as required by Labor Law §195(1).

32. Defendants failed to provide Plaintiff with an accurate statement with each payment of wages setting forth the number of overtime hours worked as required by Labor Law §195(3).

33. Defendants failed to post notices regarding the payment of minimum wage and overtime pay.

34. Defendants failed to maintain accurate records of the hours worked by Plaintiff and wages paid to Plaintiff.

35. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

## COLLECTIVE ACTION ALLEGATIONS

36. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

37. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

38. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as manual laborers.

39. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

40. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

41. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

42. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

43. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

44. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members for time spent in travel during their workday;

(c) whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay;

(d) whether Defendants failed to furnish the Plaintiff and Class members with a notice of wage rate upon their hire;

(e) whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(f) whether Defendants' general practice of failing and/or refusing to pay the Plaintiff and Class overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(g) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(h) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

45. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendants failed to pay overtime wages and failed to maintain required and accurate records of wages and overtime wages for the hours worked in excess of forty (40) hours per week.

46. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members

similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

47. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

48. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

49. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

50. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

51. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

52. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF

53. Plaintiff repeats and re-alleges each and every allegation contained herein.

54. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

56. Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

57. Plaintiff repeats and re-alleges each and every allegation contained herein.

58. Defendant failed to compensate Plaintiff and the Class Members at the regular rate of pay for time spent in travel during the workday.

59. Defendants' failure to compensate Plaintiff and Class Members at the regular rate of pay for travel time was willful.

60. Plaintiff and the Class Members are entitled to all unpaid wages at their regular rate of pay for their first forty hours of work, interest, liquidated damages, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF

61. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

63. Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

64. Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

67. Defendants' failure to pay Plaintiff and Class Members spread of hours pay was willful within the meaning of the New York Labor Law.

68. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF

69. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

71. Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

## SIXTH CLAIM FOR RELIEF

72. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants failed to provide Plaintiff and Class Members with a statement with every payment of wages as required by New York Labor Law §195(3).

74. Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)   Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)   Damages for violations of New York State Labor Law §195;

(v)   Certification of a class action pursuant to Fed.R.Civ.P. 23;

(vi)   All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)   Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
April 1, 2019

LAW OFFICE OF PETER A. ROMERO PLLC

By:   */s/ Peter A. Romero*
_____
Peter A. Romero, Esq.
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Clear View Building Service, Inc. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in Spanish.

_____                _____03-22-19_____
Lilian Palomino                                Date